# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| TYLER BONSON<br>3750 State Route 103 North<br>Lewistown, PA 17044<br>　　　　　Plaintiff<br><br>　　v.<br><br>HANOVER FOODS CORPORATION<br>1486 York Street<br>Hanover, PA 17331-7956<br><br>　　and<br><br>ROBERT SMOYER, JR.<br>c/o Hanover Food Corporation<br>1486 York Street<br>Hanover, PA 17331-7956<br><br>　　and<br><br>PAGE GADDIS<br>c/o Hanover Food Corporation<br>1486 York Street<br>Hanover, PA 17331-7956<br>　　　　　Defendants. | Civil Action No. _____ |

_____

## COMPLAINT

Plaintiff, Tyler Bonson, is an adult male individual who alleges by and through his attorneys, Derek Smith Law Group, PLLC, that his former employer, Hanover Foods Corporation and his supervisors Robert Smoyer Jr., and Page

Gaddis, discriminated, harassed, retaliated, wrongfully terminated, and created a hostile work environment for him based on gender identity discrimination. Plaintiff alleges and avers in support thereof:

**<u>Parties</u>**

1. Plaintiff, Tyler Bonson, is an adult male individual who at times relevant resided at the above address, and was employed by Hanover Food Corporation, working at an office located at 1486 York Street, Hanover, Pennsylvania.

2. Defendant, Hanover Foods Corporation, is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at the above address, and was at all times relevant, Plaintiff's employer.

3. Defendant, Robert Smoyer, Jr., . is an adult individual who at all times relevant was an employee and a supervisor to Plaintiff, working for Hanover Foods Corporation at the above referenced address.

4. Defendant, Page Gaddis, is an adult individual who at all times relevant was an employee, supervisor, and Human Resources representative, working for Hanover Foods Corporation at the above referenced address

5. Defendants Hanover Foods Corporation, Robert Smoyer, Jr., and Page Gaddis (hereinafter together and individually referred to as "Defendants") agreed,

accepted, acquiesced, adopted, and/or were otherwise bound by the actions, omissions, and conduct of its/their owners, officers, managers, supervisors, employees, and agents.

**Jurisdiction and Venue**

6. This Court maintains subject matter jurisdiction under Federal Question Jurisdiction, 28 USCA §1331, for Plaintiff's federal discrimination allegations and supplemental jurisdiction for Plaintiff's related State law claims.

7. Venue is appropriate as Defendants resides and/or all acts and omissions giving rise to this litigation occurred in York County, Pennsylvania, and thus the Middle District.

8. Plaintiff administratively exhausted his claims for discrimination, hostile work environment, and retaliation by having timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and Pennsylvania Human Relations Commission ("PHRC"), and having received a Notice of Right to Sue.

**Summary of Facts**

9. Plaintiff, Tyler Bonson, was a Freezer Operator for Defendants from 2008 to 2017, working first shift (7:00 A.M. to 3:00 P.M.), and earning about $18.86 an hour working 40 hours a week.

10. Defendant Smoyer was Plaintiff's supervisor.

3

11. Defendant Gaddis was Plaintiff's supervisor and was also the Human Resources representative for Defendant.

12. During times relevant to this litigation, Plaintiff was harassed and subjected to a hostile work environment when Defendants discriminatory and comments were made to Plaintiff in person and in public including:

   a. calling Plaintiff a faggot;

   b. calling Plaintiff a queer;

   c. calling Plaintiff a freezer fairy, and,

   d. telling others that Plaintiff is gay / homosexual.

13. Plaintiff is a heterosexual male with a female girlfriend.

14. Defendants discriminated against Plaintiff because he had good hygiene, combed his hair, and smelled good.

15. The Defendants comments were, at all times, unwelcomed.

16. Furthermore, the comments had the intention and/or effect of causing a hostile work environment whereby Plaintiff's work environment altered and he had difficulties performing.

17. The harassment was severe and pervasiveness, and Plaintiff's mother, Lisa Bonson, an Inspector/Cleaner for Defendants, was asked about her "gay son."

18. Plaintiff complained to Defendants Human Resources department about the foregoing comments and discriminatory treatment.

19. Defendant's Human Resources department at the place of work is Defendant Gaddis—one of the main people making the discriminatory comments.

20. On information and belief, there was/were no investigations into Plaintiff's complaint(s).

21. As a result, Plaintiff complained to other supervisory employees in hopes to get relief from the harassment and hostile work environment.

22. Defendants terminated Plaintiff on September 5, 2017 for allegedly failing to appear for work on Monday, September 4, 2017 (Labor Day).

23. Plaintiff disputes his termination as pre-text and retaliation and disputes that he was required to work on Monday, September 4, 2017.

24. Specifically, Plaintiff was told by Defendants work on Labor Day was discretionary.

25. Furthermore, there was/were no schedules that showed that Plaintiff was required to work September 4, 2017.

26. Even if Plaintiff was/were scheduled to work, Defendants typically call an employee when he or she is/was missing, which did not happen.

27. On information and belief, another Freezer worker appeared for work September 4, 2017 and was sent home.

28. Thus, Plaintiff was subject to disparate treatment in his termination.

29. Plaintiff's termination was in temporal proximity to his complaints about discrimination, and/or a sufficient nexus exists between Plaintiff's termination and complaint such there exists an inference of retaliation.

**COUNT ONE**
**Discrimination, Disparate Treatment, and Hostile Work Environment**
*1964 Civil Rights Act, 42 USCA 2000e-2 et. seq.*
**Tyler Bonson v. Defendant Hanover Foods Corporation**

30. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

31. Defendant is a covered employer under the 1964 Civil Rights Act as it employs the minimum number of employees and is involved in interstate commerce.

32. Plaintiff has a protected class, which has been described as gender identity.

33. Plaintiff is a heterosexual male but was accused and discriminated against on a basis that he was not heterosexual and/or did not comply with standard gender norms.

34. Defendant discriminated and created a hostile environment by harassing Plaintiff and calling him discriminatory names.

35. Defendant disparately treated Plaintiff by terminating him and unnecessarily discriminating against Plaintiff and giving him lower performance reviews.

36. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of punitive damages.

37. As a direct and proximate result of Defendant's discrimination and wrongful termination of Plaintiff, Plaintiff has been deprived of economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses. Plaintiff has also suffered emotional damages including loss of reputation, anguish, and other similar harms.

38. In terminating Plaintiff, Defendant considered his protected class and thus under mixed-motive, Plaintiff is entitled to attorney's fees.

WHEREFORE, Plaintiff, Tyler Bonson, demands judgment, against Defendant, Hanover Foods Corporation, for compensatory damages, punitive damages, equitable relief, costs of litigation, attorney's fees, and all other relief the Court deems equitable and just.

### COUNT TWO
**Retaliation**
*1964 Civil Rights Act, 42 USCA 2000e-2 et. seq.*
**Tyler Bonson v. Defendant Hanover Foods Corporation**

39. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

40. Defendant is a covered employer under 1964 Civil Rights Act as it employs the minimum number of employees and is involved in interstate commerce.

41. Plaintiff engaged protected activity when he made complaints to supervisors and Human Resources about the discriminatory treatment he was receiving from his supervisors and/or co-workers.

42. Defendant retaliated against Plaintiff when it/they used and/or considered Plaintiff's complaint about discrimination as a basis and/or reason to terminate him.

43. Plaintiff's complaint(s) occurred in temporal proximity to his termination such that an unusually suggestive nexus exists that the termination was the result of retaliation.

44. Alternatively, there exists evidence that Defendant retaliated against Plaintiff as a result of his complaints.

45. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of punitive damages.

46. As a direct and proximate result of Defendant's discrimination and wrongful termination of Plaintiff, Plaintiff has been deprived of economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses. Plaintiff has also suffered emotional damages including loss of reputation, anguish, and other similar harms.

47. In terminating Plaintiff, Defendant considered his protected activity and thus under mixed-motive, Plaintiff is entitled to attorney's fees.

WHEREFORE, Plaintiff, Tyler Bonson, demands judgment, against Defendant, Hanover Foods Corporation, for compensatory damages, punitive damages, equitable relief, costs of litigation, attorney's fees, and all other relief the Court deems equitable and just.

**COUNT THREE**
**Discrimination and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. §§951 - 963*
**Tyler Bonson v. Hanover Foods Corporation, Robert Smoyer, Jr., and Page Gaddis**

48. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

49. Defendants is/are a covered employer under the Pennsylvania Human Relations Act as it employs the minimum number of employees, and is located and/or employs Pennsylvania residents.

50. Moreover, Defendant Smoyer and Defendant Gaddis aided, abetted, coerced, compelled, and/or otherwise assisted in Defendant's discriminatory and retaliatory conduct and thus they are equally responsible / liable for the conduct.

51. Plaintiff has a protected class, which has been described as gender identity.

52. Plaintiff is a heterosexual male but was accused and discriminated against on a basis that he was not heterosexual and/or did not comply with standard gender norms.

53. Defendants discriminated and created a hostile environment by harassing Plaintiff and calling him discriminatory names.

54. Defendants disparately treated Plaintiff by terminating him and unnecessarily discriminating against Plaintiff and giving him lower performance reviews.

55. Plaintiff engaged in protected activity when he made complaints to supervisors and Human Resources about the foregoing harassment.

56. Defendants retaliated against Plaintiff when it/they used and/or considered Plaintiff's complaint about discrimination as a basis and/or reason to terminate him.

57. Plaintiff's complaint(s) occurred in temporal proximity to his termination such that an unusually suggestive nexus exists that the termination was the result of retaliation.

58. Alternatively, there exists evidence that Defendants retaliated against Plaintiff as a result of his complaints.

59. Defendants never investigated Plaintiff's complaints.

60. As a direct and proximate result of Defendants' discrimination and wrongful termination of Plaintiff, Plaintiff has been deprived of economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills,

and out-of-pocket expenses. Plaintiff has also suffered emotional damages including loss of reputation, anguish, and other similar harms.

61. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of attorney's fees.

WHEREFORE, Plaintiff, Tyler Bonson, demands judgment, against Defendants, Hanover Foods Corporation, Robert Smoyer, Jr., and Page Gaddis, for compensatory damages, equitable relief, costs of litigation, attorney's fees, and all other relief the Court deems equitable and just.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
C: 610-844-1779
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: January 9, 2019